IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE WALKO, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| PENN CREDIT CORPORATION, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JANE WALKO (hereinafter "Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENN CREDIT CORPORATION (hereinafter "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Edwardsville, Pennsylvania 18704.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a debt collection company with its corporate headquarters located at 916 South 14th Street, Harrisburg, Pennsylvania 17104.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect a consumer debt of another person.

11. Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or before September 2014 and continuing through November 2014, Defendant repeatedly contacted Plaintiff on her home telephone in its attempts to collect a debt of another person, specifically a person named "Amber Jane Walko Rae."

13. Plaintiff knew it was Defendant calling because she has spoken with its collectors and received voicemail messages, wherein Defendant identified itself as "Penn Credit Corp."

14. Defendant contacted Plaintiff several times a week, and at times multiple times a day, during the relevant period.

15. For example, Defendant called Plaintiff on October 6, 2014, at 11:10 a.m.; October 9, 2014, at 6:43 p.m.; October 20, 2014, at 12:54 p.m. and 3:50 p.m.; October 30, 2014, at 5:28 p.m. and 6:28 p.m.; October 31, 2014, at 3:01 p.m.; November 4, 2014, at 2:42 p.m.; November 5, 2014, at 7:33 p.m. and 8:03 p.m.; November 10, 2014, at 2:56 p.m.; November 13, 2014, at 7:22 p.m. and 7:52

PLAINTIFF'S COMPLAINT

p.m.; and November 14, 2014, at 1:43 p.m.

16. In those instances when the parties spoke, Defendant's collectors claimed they were calling to collect a debt from a third party named "Amber Jane Walko Rae."

17. Plaintiff is not "Amber Jane Walko Rae" and no one named "Amber Jane Walko Rae" lives at the number Defendant was calling.

18. On numerous occasions, Plaintiff informed Defendant that she was not "Amber Jane Walko Rae," that no one named "Amber Jane Walko Rae" lived at the number it was calling, to remove her number from its database, and to stop calling her.

19. Defendant's collectors acknowledged Plaintiff's request, claiming that her telephone number would be removed from the database and that its calls would stop.

20. However, Defendant continued to call in its attempts to collect a debt of a third person.

21. When Defendant was told that the debtor could not be found at the number being called, there was no purpose for additional calls to Plaintiff except to harass, annoy or abuse Plaintiff.

22. Defendant failed to update its records and/or failed to investigate the information provided by Plaintiff to avoid further harassment.

23. Defendant conducted its debt collection activities in ways that violated the FDCPA.

**DEFENDANT VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT
COUNT I**

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite having been notified that it was calling the wrong person and that Plaintiff did not want to receive its collection calls.

**COUNT II**

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff several times a week, including multiple calls a day, with the intent to annoy, abuse and harass Plaintiff, as Plaintiff had informed Defendant on more than one occasion it was calling the wrong person.

## COUNT III

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

a. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to

update its records to avoid the further harassment of Plaintiff after having been told it was calling the wrong person, as well as failing to remove Plaintiff's number from its call logs, as evidenced by its continued calls to Plaintiff.

WHEREFORE, Plaintiff, JANE WALKO, respectfully requests judgment be entered against Defendant, PENN CREDIT CORPORATION, for the following:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JANE WALKO, demands a jury trial in this case.

.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

DATED: December 3, 2014          KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
    CRAIG THOR KIMMEL
    PA Attorney Id. No. 57100
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 116
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT